# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD RICHMOND,<br><br>            Plaintiffs,<br><br>v.<br><br>NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>            Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**(3) PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS AND PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEY FEES AND COSTS (29 U.S.C. § 1132(a)(1)(B))**<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff Ronald Richmond ("Plaintiff") herein sets forth the allegations of his Complaint as follows:

## GENERAL ALLEGATIONS

    1.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, 28 U.S.C. § 1332(a).

---

| | |
|---|---|
| **COMPLAINT**<br>Case No. | **MONAHAN TUCKER LAW, P.C.**<br>14241 NE Woodinville-Duvall Road, Ste. 382<br>Woodinville, WA 98072<br>(866) 255-8612 |

1

2. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § § 1332 in that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

3. Jurisdiction is also based on 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question.

4. This action is brought for the purpose of recovering benefits under the terms of an individual disability insurance policy and employee benefit plans, including enforcing Plaintiff's rights under the terms of employee benefit plans.

5. Venue is proper in this Court based upon 28 U.S.C. § 1391(a) and § 502(e)(2), 29 U.S.C. §1132(e)(2), because much of the conduct that is subject of this lawsuit occurred within this District. Additionally, the ERISA Plans at issue are conducting business in this judicial district, in that it covers participants residing in this judicial district, including Plaintiff.

6. Plaintiff is and at all times herein mentioned was, an individual residing with the State of Washington, County of Kitsap.

7. Plaintiff is informed and believes that Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") is a corporation organized and existing under the laws of Wisconsin, with its headquarters and principal place of business in Milwaukee, Wisconsin. Northwestern Mutual is authorized to transact and does transact business in the Western District of Washington.

8. Northwestern Mutual is the insurer of benefits under several policies issued by Northwestern Mutual directly to Plaintiff or to Richmond Law PC under which Plaintiff is a covered participant as follows: (1) Individual Disability Income Policy, Policy Number D1650560; (2) Group Short Term Disability Policy, Policy Number

2

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

S665000; (3) Group Long Term Disability Policy, Policy Number L665000; and (4) Group Life Insurance Policy, Policy Number GL680575.

9. This action is brought for the purpose of recovering benefits under the terms of the Policies. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, accelerated disability benefits, extracontractual and treble damages, and attorney fees and costs.

## FACTS

10. Plaintiff carries the diagnosis of Charcot-Marie-Tooth Disease Type 1A in which Plaintiff is confined to a wheelchair most of the time.

11. In 2010, Plaintiff became a practicing attorney and in 2015 Plaintiff opened a law office with another attorney called Richmond Law PC.

12. On August 17, 2016, Plaintiff was involved in a serious automobile accident.

13. On January 1, 2018, an additional attorney joined Richmond Law PC.

14. In July 2018, Plaintiff began to suffer from a series of transient ischemic attacks in which bilateral aneurysms were found in the cervico-medulary junctions.

15. On September 21, 2019, Plaintiff was involved in a serious automobile accident. This automobile accident in conjunction with Plaintiff's other medical conditions rendered Plaintiff totally disabled. Plaintiff suffered from severe neck/back pain, headaches, and cognitive impairment, including brain fog, executive functioning impairment, difficulties with problem solving and memory loss. All of this is compounded by his Charcot Marie-Tooth Disease and rendered him unable to perform the duties of his occupation.

16. Plaintiff did not notice all his symptoms related to the 2019 accident right away. Within 10 days of the accident, he was unable to focus, lost his train of thought while giving presentations, had difficulty with word finding and suffered memory loss. Plaintiff's cognitive difficulties were particularly debilitating as Plaintiff suffered from Charcot Marie Tooth Disease which made it very difficult for him to write. As a

3
COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

result he conducted hearings/arguments/meetings with pure memory and post-event dictation. Plaintiff also suffered from debilitating neck pain as well as other conditions.

17. Plaintiff is informed and believes that the group short term disability plan (the "STD Plan"), group long term disability plan (the "LTD Plan") and life insurance plan (the "LI Plan) are employee welfare benefit plans regulated by ERISA. These ERISA Plans were established by Richmond Law PS for the benefit of its employees, including Plaintiff who is a covered participant. Plaintiff is entitled to short and long term disability and life waiver of premium ("LWOP") benefits. Pursuant to the terms and conditions of the STD, LTD and LI Plans, Plaintiff is entitled to STD, LTD and LWOP benefits for the duration of Plaintiff's disability.

18. On August 28, 2020, Northwestern Mutual denied Plaintiff's short term disability claim. Plaintiff appealed. On January 26, 2021, Northwestern Mutual upheld its initial decision to deny short term disability benefits.

19. On March 4, 2021, Northwestern Mutual denied Plaintiff's individual disability insurance claim.

20. On January 18, 2023, Plaintiff submitted voluntary appeals of the denials of his group short term disability and individual disability insurance claims.

21. Northwestern Mutual denied Plaintiff's IDI claim on June 6, 2023.

22. On January 18, 2023, Plaintiff also submitted an initial claim for disability benefits under the LTD and LI Plans.

23. Northwestern Mutual failed to respond to Plaintiff's initial claim under the LTD and LI Plans within the 45 day and/or 90-day required time period.

24. Plaintiff worked with Northwestern Mutual to give it the time it claimed it needed to render decisions under the LTD and LI Plans.

25. To that end, the parties entered into a Tolling Agreement effective from July 19, 2023 through and including October 31, 2023.

4

COMPLAINT
Case No.

26. A decision was not received by Plaintiff until October 30, 2023. The denial letter was dated October 26, 2023, but was not provided to Plaintiff until October 30, 2023.

27. At all relevant times, Plaintiff has been disabled within the meaning of the Policies. Plaintiff remained disabled and is entitled to STD, LTD, IDI and waiver of premium benefits under the terms of the Policies through his recovery.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## FOR BREACH OF CONTRACT

28. Plaintiffs incorporates by reference all preceding paragraphs as though fully set forth herein.

29. Northwestern Mutual issued Individual Disability Income Policy, Policy Number D1650560 to Plaintiff ("IDI Policy").

30. All premiums due to maintain Plaintiff's coverage in full force and effect under the IDI Policy have been paid. At all relevant times, Plaintiff has performed all obligations under the IDI Policy on his part to be performed.

31. In 2019, Plaintiff suffered a loss compensable under the terms of the IDI Policy in that he became unable to perform the duties of his occupation. Pursuant to the IDI Policy, Richmond was entitled to insurance benefits from Northwestern Mutual in the event he became totally disabled as that term is defined by the IDI Policy.

32. Effective on or about September 19, 2019, Plaintiff became disabled under the terms and conditions of the IDI Policy. The records within Northwestern Mutual's file demonstrated that the Plaintiff was no longer able to continue working due to symptoms of and from severe neck/back pain, headaches, and cognitive impairment, including brain fog, memory loss, executive functioning impairment and problem-solving difficulties.

33. Richmond submitted a claim for benefits under the IDI policy.

COMPLAINT  
Case No.

MONAHAN TUCKER LAW, P.C.  
14241 NE Woodinville-Duvall Road, Ste. 382  
Woodinville, WA 98072  
(866) 255-8612

34. Under the terms of the IDI Policy, disability benefits are payable for as long as he remains disabled from a covered disability.

35. Northwestern Mutual was at all relevant times required to comply with Washington law.

36. A valid contract exists between Northwestern Mutual and Plaintiff such that while disabled, Plaintiff would receive benefits.

37. Plaintiff complied with the terms of the IDI Policy by timely submitting a valid claim with the proof required.

38. Northwestern Mutual breached its contractual obligation to pay disability benefits.

39. As a result of the breach, Plaintiff has incurred direct and indirect financial losses resulting from the denial of IDI Policy benefits.

40. As a further result of Northwestern Mutual's breach, Plaintiff suffered foreseeable anxiety, worry, mental and emotional distress, all to Plaintiff's general damage.

41. As a further result of Northwestern Mutual's breach, it became necessary for Plaintiff to retain attorneys to prosecute this action, and Plaintiff is therefore entitled to reasonable attorney fees and costs incurred.

42. As a further result of Northwestern Mutual's breach, Plaintiff has suffered contractual damages under the terms and conditions of the IDI Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT NORTHWESTERN MUTUAL FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

43. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

6

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

44. Northwestern Mutual has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

    (a)    Unreasonably denying Plaintiff's claim in an effort to further discourage Plaintiff from pursuing disability benefits that he is entitled to under the IDI Policy;

    (b)    Improperly cherry-picking information from Plaintiff's medical records in an effort to find a basis to deny his claim for disability benefits;

    (c)    Failing to conduct a reasonable and fair investigation into Plaintiff's claim for benefits;

    (d)    Failing to give as much interest to Plaintiff that Northwestern Mutual gave to its own interests;

    (e)    Unreasonably failing to consider Plaintiff's physical condition as a whole leading to a manifestly improper denial of benefits;

    (f)    Unreasonably withholding benefits from Plaintiff in bad faith at a time when Northwestern Mutual knew or should have known that Plaintiff was entitled to said full benefits under the IDI Policy;

    (g)    Northwestern Mutual did not speak to Plaintiff's doctors, except to Dr. Cohen which it unreasonably disregarded. Northwestern was required to reach out to each of Plaintiff's treating providers as part of a reasonable and fair investigation which it failed to do;

    (h)    Northwestern Mutual did not provide the medical reports that it commissioned from its medical paper reviewers to Plaintiff's medical experts for comment which is required as part of a reasonable claims process;

7

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

  (i) Unreasonably failing to provide an accurate explanation of the basis of Plaintiff's disability;

  (j) Improperly relying on the terms of the IDI Policy, in relation to cherry picked facts and IDI Policy provisions, for the denial of Plaintiff's claim for benefits; and,

  (k) Northwestern Mutual failed to properly address the cognitive requirements of a trial attorney, instead focusing on the physical requirements of Plaintiff's occupation.

45. Plaintiff is informed and believes and thereon alleges that Northwestern Mutual has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

46. As a proximate result of the wrongful conduct of Northwestern Mutual, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

47. As a further proximate result of the wrongful conduct of Northwestern Mutual, Plaintiff has suffered financial and emotional distress. Plaintiff has also suffered extra-contractual damages such as mental anguish, emotional distress, attorney fees, court costs, and foreseeable economic losses because of Northwestern Mutual's actions.

## THIRD CLAIM FOR RELIEF
## AGAINST NORTHWESTERN MUTUAL FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS AND PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEY FEES AND COSTS (29 U.S.C.§ 1132(a)(1)(B))

48. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

49. At all times relevant, Plaintiff was employed by Richmond Law Group

8
COMPLAINT  MONAHAN TUCKER LAW, P.C.
Case No.  14241 NE Woodinville-Duvall Road, Ste. 382
  Woodinville, WA 98072
  (866) 255-8612

and was a covered participant under the terms and conditions of the (1) Group Short Term Disability Policy, Policy Number S665000 ("STD Plan"); (2) Group Long Term Disability Policy, Policy Number L665000 ("LTD Plan"); and, (3) Group Life Insurance Policy, Policy Number GL680575 ("LI Plan").

50. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the STD, LTD and LI Plans. specifically, while Plaintiff was covered under the STD, LTD and LI Plans, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the STD, LTD and LI Plans.

51. On January 23, 2020, Plaintiff submitted a claim for short term disability benefits to Northwestern Mutual.

52. On August 28, 2020, Northwestern Mutual denied Plaintiff's short term disability claim. Plaintiff appealed. On January 26, 2021, Northwestern Mutual upheld its initial decision to deny short term disability benefits on appeal.

53. On January 18, 2023, Plaintiff submitted a voluntary appeal of the denial of his claim for short term disability. Northwestern Mutual agreed to accept Plaintiff's voluntary appeal of the STD claim. Northwestern unreasonably delayed its decision on appeal until 10 months later without justification and without compliance with ERISA regulations.

54. On January 18, 2023, Plaintiff submitted an initial claim for benefits under the LTD Plan and the LI Plan.

55. The LTD Plan and LI Plan are stand-alone plans and are not contingent on approval of benefits under the STD Plan to receive benefits under the LTD Plan or LI Plan.

56. Northwestern Mutual failed to respond to Plaintiff's initial claim under the LTD Plan and the LI Plan within the 45 day and/or even a 90-day time period as required by ERISA regulations.

57. Northwestern Mutual on several occasions stated that an initial claims

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

decision on Plaintiff's LTD and LWOP claims would be rendered, but no decision was forthcoming.

58. To facilitate the claims process and in the hopes that Plaintiff would receive a full and fair review in accordance with the ERISA regulations, Plaintiff agreed to enter into a Tolling Agreement. The Tolling Agreement was in effect from July 19, 2023 through and including October 31, 2023. At no time did Plaintiff agree to relieve Northwestern Mutual of its fiduciary obligations under ERISA.

59. Northwestern Mutual provided its initial decision to deny benefits under the LTD Plan and LI Plan to Plaintiff on October 30, 2023, over 10 months after Plaintiff submitted his initial claims and without justification for the unreasonable delay.

60. Northwestern Mutual did not comply with ERISA regulations in that it failed to honor its fiduciary obligations and provide Plaintiff a full and fair review.

61. Northwestern Mutual did not offer Plaintiff an appeal of its initial decision to deny benefits under the LTD Plan and LI Plan. Indeed, Northwestern Mutual stated that "[t]his concludes our review of Mr. Richmond's claims for Short and Long term disability benefits and Life Waiver of Premium benefits under the Group Life Policy."

62. Northwestern Mutual failed to establish or follow claims procedures consistent with the requirements of ERISA regulations.

63. Plaintiff was not given the opportunity to address the alleged medical opinions that Northwestern Mutual received from "Physician Consultants" to deny Plaintiff's claims for benefits. Plaintiff was not given the opportunity to address the alleged vocational opinion that Northwestern Mutual commissioned to deny benefits to Plaintiff.

64. Northwestern Mutual has taken advantage of and wholly and completely abused Plaintiff's good faith attempts to work with Northwestern Mutual as to the administrative process and time deadlines.

10

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

65. Plaintiff as part of his claim submission provided evidence confirming his disability in the form of medical records, neuropsychological testing, comprehensive report by a neurologist, comprehensive report by his treating chiropractor, other medical supportive reports, numerous treatment records, and declarations based on personal experience of his condition. All of which establishes that he was disabled under the terms of the STD, LTD and LI Plans.

66. Despite this overwhelming evidence of covered STD, LTD and LWOP claims, Northwestern Mutual denied Plaintiff's STD claim after appeal and failed to timely respond to Plaintiff's initial LTD and LWOP claims.

67. Northwestern Mutual breached its fiduciary duty to Plaintiff under the STD, LTD and LI Plans and violated ERISA in the following respects:

(a) Failing to pay STD and LTD benefit payments and provide LWOP benefits to Plaintiff at a time when Northwestern Mutual knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the STD, LTD and LI Plans, as Plaintiff was disabled and unable to work and therefore entitled to benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan and LI Plan documents, in relation to the applicable facts and plan provisions, for the denial of Plaintiff's claims for LTD and LWOP benefits;

(c) Northwestern Mutual failed to perform a full and fair review.

(d) Northwestern Mutual failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's STD claim along with an explanation of why such material is or was necessary.

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

     (e)    Northwestern Mutual failed to give Plaintiff the opportunity to address the medical and vocational reviews that it obtained to deny Plaintiff's LTD and LI claims in clear violation of ERISA regulations.

     (f)    Failing to establish or follow claims procedures consistent with ERISA regulations.

     (g)    Northwestern Mutual failed to place Plaintiff's interest ahead of its own as required under ERISA.

     (h)    Northwestern Mutual failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect Plaintiff's LTD and LWOP claims along with an explanation of why such material is or was necessary as Northwestern Mutual abandoned the administrative process required under ERISA.

68. Plaintiff is informed and believes and thereon alleges that Northwestern Mutual wrongfully denied Plaintiff's disability and LWOP benefits under the STD, LTD and LI Plans by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Northwestern Mutual aware of once said acts or omissions are discovered by Plaintiff.

69. Following the denial of benefits under the STD Plan, Plaintiff exhausted administrative remedies. As to Northwestern Mutual's denial of benefits under the LTD or LI Plans, Northwestern Mutual failed to render a timely decision, failed to offer an appeal of its initial decision, failed to provide its medical and vocational opinions to Plaintiff for review, and failed to provide an administrative process in compliance with ERISA regulations.

70. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the STD Plan, LTD Plan and LI Plan.

12

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

1  71. As a proximate result of the aforementioned wrongful conduct of Northwestern Mutual, and each of them, Plaintiff has suffered a loss of disability and LWOP benefits in a total sum to be shown at the time of trial.

72. As a further direct and proximate result of this improper determination regarding Plaintiff's STD, LTD and LWOP claims, Plaintiff in pursuing this action has been required to incur attorney fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Northwestern Mutual as follows:

1. Damages for failure to provide insurance benefits under the IDI Policy, in an amount to be determined at the time of trial plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,500,000.00;

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4. Attorney fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

5. Payment of disability LWOP benefits due Plaintiff;

6. An order declaring that Plaintiff is entitled to immediate payment of benefits under the STD Plan, LTD Plan and LI Plan, with all ancillary benefits to which he is entitled by virtue of his disability through the date of Plaintiff's recovery;

7. In the alternative to the relief sought in paragraphs 5 and 6, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

13

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

8. Costs of suit incurred herein; and

9. Such other and further relief as the Court deems just and proper.

DATED: October 31, 2023          MONAHAN TUCKER LAW, PC


By: _/s/ Stacy M. Tucker_
Stacy Monahan Tucker, Esq.
WSBA 43449
Attorneys for Plaintiff,
RONALD RICHMOND
MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Rd. #382
Woodinville, WA 98072
E-mail : smtucker@mtlawpc.com
T : (866) 255-8612
F : (206) 800-7801

14

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to Plaintiff's breach of contract, breach of the covenant of good faith and fair dealing and violation of the insurance Fair Conduct Act claims for relief.

DATED:  October 31, 2023         MONAHAN TUCKER LAW, PC


By: _ /s/ Stacy M. Tucker_____
Stacy Monahan Tucker, Esq.
WSBA 43449
Attorneys for Plaintiff,
RONALD RICHMOND
MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Rd. #382
Woodinville, WA 98072
E-mail : smtucker@mtlawpc.com
T : (866) 255-8612
F : (206) 800-7801

15

COMPLAINT
Case No.

MONAHAN TUCKER LAW, P.C.
14241 NE Woodinville-Duvall Road, Ste. 382
Woodinville, WA 98072
(866) 255-8612